UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSBORN & BARR COMMUNICATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CV-87 CAS |
| ) | |
| EMC CORPORATION, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court notes the existence of issues regarding jurisdiction. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff brings its complaint pursuant to this Court's diversity jurisdiction. The complaint alleges state law claims for breach of contract, breach of warranty, misrepresentation and negligence, arising out of plaintiff's purchase of computer software and services. A complaint must allege each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

In this case, defendant Forefront Technologies is alleged to be a limited liability company. Although the complaint states that Forefront Technologies is a North Carolina limited liability company with its principal place of business in Burlington, North Carolina, it does not state the members of Forefront Technologies or the citizenship of those members. As such, the complaint does not adequately establish the existence of diversity jurisdiction. See Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also Sanders, 823 F.2d at 216 (discussing pleading requirements to establish diversity jurisdiction). The Court therefore cannot determine whether diversity jurisdiction exists and plaintiff will be ordered to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint by **January 30, 2008**, which shall include statements regarding the citizenship of each member of defendant Forefront Technologies for purposes of diversity jurisdiction.

**IT IS FURTHER ORDERED** that in the event plaintiff does not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   23rd   day of January, 2008.