UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSBORN & BARR COMMUNICATIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:08-CV-87 CAS |
| EMC CORPORATION, INC., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Osborn & Barr Communications, Inc.'s Motion to Extend Deadline to File Amended Complaint and for Leave to Serve Jurisdictional Discovery. For the following reasons, the motion will be denied in all respects and this matter dismissed for lack of subject matter jurisdiction.

**Background**.

In the Memorandum and Order dated January 23, 2008 (Doc. 3), the Court noted the existence of issues concerning jurisdiction in this diversity case. The Court stated that although defendant Forefront Technologies is alleged to be a limited liability company, the complaint did not allege the members of Forefront Technologies or the citizenship of those members. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC").

Because of this omission, the complaint does not adequately establish the existence of diversity jurisdiction. See Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth

a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (discussing pleading requirements to establish diversity jurisdiction). The Court could not determine whether diversity jurisdiction existed and ordered plaintiff to file an amended complaint with appropriate jurisdictional allegations by January 30, 2008. The Memorandum and Order stated that "in the event plaintiff does not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction."

Plaintiff responds that it has attempted to determine the identity and citizenship of defendant Forefront Technologies' members, but is currently unable to do so. Plaintiff asks for additional time to file an amended complaint and for an order granting expedited jurisdictional discovery. Plaintiff cites the GMAC case for the proposition that jurisdictional discovery is appropriate under these circumstances.

**Discussion**.

The decision whether to grant jurisdictional discovery in a case is left to the trial court's sound discretion. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 713 (8th Cir. 2003) . Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include appropriate jurisdictional allegations in a complaint. Diversity jurisdiction requires that the parties be "citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff failed to establish a threshold prima facie allegation of diversity jurisdiction in this case because it did not allege the citizenship of each member of the defendant limited liability company. See GMAC, 357 F.3d at 829.

Numerous cases hold that district courts have the discretion to deny jurisdictional discovery when a plaintiff has failed to make a prima facie case of jurisdiction. See, e.g., Negron-Torres v.

Verizon Communications, Inc., 478 F.3d 19, 27 (1st Cir. 2007); Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."); Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181 (2d Cir. 1998) (district court did not abuse its discretion in denying jurisdictional discovery where plaintiff did not establish a prima facie case of diversity jurisdiction); Caribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C., 148 F.3d 1080, 1089-90 (D.C. Cir. 1998) (affirming district court's denial of discovery when plaintiffs did not present sufficient evidence of jurisdiction); Arch v. American Tobacco Co., Inc., 984 F. Supp. 830, 841 (E.D. Pa. 1997) (refusing to permit jurisdictional discovery in diversity action where plaintiff failed to meet its burden of making out a threshold prima facie case of personal jurisdiction); Milligan Elec. Co. v. Hudson Construction Co., 886 F. Supp. 845, 850 (N.D. Fla. 1995) (refusing to allow jurisdictional discovery where plaintiff failed to allege a basis for jurisdiction over one of two defendants in a diversity case).

In this case, plaintiff implicitly admits that it has no known basis for alleging jurisdiction over Forefront Technologies, but asks for discovery in order to uncover some evidence supporting diversity jurisdiction. The discovery process established by the Federal Rules is not intended to establish jurisdiction. "It is the obligation of the plaintiff to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint. It would be an abuse of the discovery process to allow discovery when the plaintiff fails to meet the minimal jurisdictional requirements." Milligan Elec. Co., 886 F. Supp. at 850.

Plaintiff relies on the Eighth Circuit's remand for jurisdictional discovery in GMAC to support its own request, but GMAC is distinguishable from this situation and does not compel a different

3

result.  In GMAC, the defendant did not raise an objection to the issue of subject matter jurisdiction until an appeal following the entry of final judgment by the district court.  GMAC, 357 F.3d at 828. On appeal, the Eighth Circuit held as a matter of first impression that the citizenship of an LLC for purposes of diversity jurisdiction is that of its members.  Id. at 829.  The appellate court was unable to determine the citizenship of GMAC's members on the record before it, and as a result remanded for the district court to making factual findings concerning GMAC's citizenship.  Id.  The Eighth Circuit was not asked to address and did not determine whether a plaintiff who failed to plead minimal jurisdictional facts could obtain jurisdictional discovery in order to learn those facts.  Further, some courts have held that despite the presumption against federal jurisdiction, where an action has resulted in a final judgment in the district court despite an unnoticed potential jurisdictional defect, interests of justice, fairness and judicial economy require some additional opportunity to attempt to cure the pleading defects.  See Penteco Corp. Ltd. P'ship --1985A v. Union Gas Sys., 929 F.2d 1519, 1523 (10th Cir. 1991).  Such considerations are inapplicable here.

"A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."  15 James Wm. Moore, et al., Moore's Federal Practice, § 102.31 (3d ed. 2007).  Plaintiff's complaint fails to plead complete diversity of citizenship, and for the reasons above stated, the Court in the exercise of its discretion declines to permit plaintiff to conduct jurisdictional discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Extend Deadline to File Amended Complaint and for Leave to Serve Jurisdictional Discovery is **DENIED**.  [Doc. 4]

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate order of dismissal will accompany this memorandum and order.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of February, 2008.